## H. JACKMAN, ET AL., *v.* R. A. BURTON, ET AL.

**Conveyance to Defraud Creditors—Innocent Purchaser.**

One who is an innocent purchaser for value of real estate, and who has no notice or knowledge of the grantor's intention to prefer one creditor over another, secures a good title, and one that cannot be questioned by creditors of the grantor.

### APPEAL FROM MARION CIRCUIT COURT.

September 29, 1877.

OPINION BY JUDGE LINDSAY:

There is no reason to conclude that either Gartin, Robards or Burton were guilty of actual fraud in making the sale of the tract of land to Jackman and wife. It may be that they would not have accepted the conveyance afterwards made to them if they had known that the creditors of Robards had attacked his conveyance to Gartin as fraudulent under the provisions of the act of 1856; but the ignorance of these parties on this subject operated to protect them. The most that the creditors of Robards could do was to compel Gartin to account to them for the value of one-half of the land. They could not object, and did not attempt to object to the title of Jackman and wife. They were, according to their own pleadings, innocent purchasers, without notice of Robards's intention to prefer Gartin to his other creditors, and no one could call their title in question.

But aside from all this we are satisfied Gartin has paid everything the creditors of Robards are entitled to, and that, in any view of the case, the land is freed from their claim; and these facts are sufficiently established by the record in the case of *McCormack v. Robards*. Jackman and wife are invested with the complete title to the land, and there are no outstanding equities in favor of Robards's creditors.

The chancellor, therefore, properly refused to rescind the contract of sale, and properly rendered judgment for the sum of the unpaid purchase price.

Judgment *affirmed*.

C. S. Hill, Russell & Averitt, R. M. & W. O. Bradley, for appellants. W. B. Harrison, for appellees.